THE CITY OF OLATHE, *Appellee*, v. J. A. EDSON, *as Receiver, etc., revived in the name of The Missouri & Kansas Railway Company, Appellant.*

No. 17,247.

SYLLABUS BY THE COURT.

CONTRACTS—*Substantial Performance—Full Performance Prevented by Plaintiff—Payment—Issues Determinable.* An interurban railway company, in consideration of a franchise to use the streets of the city, agreed to pay a fixed sum upon the completion of the work to be done thereunder. In an action by the city to recover the amount the company contended that the payment was not due because the city had, by a temporary injunction, prevented the construction of a sidetrack included in specifications which had been submitted and approved in accordance with a provision of the ordinance

granting the franchise. *Held*, that the rightfulness of the injunction need not be determined in this action; and that, notwithstanding the construction of the sidetrack has so far been prevented by the city, there has been such a substantial completion of the work to be done under the franchise as to render the consideration payable.

Appeal from Johnson district court.   Opinion filed March 11, 1911.   Affirmed.

*S. D. Scott,* and *A. F. Hunt, jr.,* for the appellant.

*C. L. Randall,* city attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.:  By ordinance passed January 28, 1907, the Missouri & Kansas Interurban Railway Company was granted a franchise to occupy certain portions of the streets of the city of Olathe, in consideration of which it agreed to pay $9000. In October, 1908, the city brought action for that sum. It recovered a judgment, from which the company appeals. The question presented is whether the payment had become due.

The ordinance contained these provisions, among others:

"The location of the tracks, turnouts, Ys, passing tracks and power house and all poles and wires shall be subject to the approval of the city council. . . . All the work and improvements of the said railway company of said city shall be constructed under the supervision of the mayor and the city council. . . . Before doing any work of construction in said city of Olathe the grantee shall file with the city clerk plans and specifications of said work to be approved by the city council."

On February 4, 1907, the company filed specifications of the work to be done under the franchise, making reference to an accompanying plat which showed a "turnout" or passing track not otherwise referred to. These specifications were approved by the city council on the same date.  With the exception of this turnout,

the work was completed according to the specifications sometime in August, 1907, and since that time the road has been in actual operation over the full length of the line. On August 28, 1907, the city began an action against the company to enjoin the construction of the turnout in question, and procured a temporary injunction, which is still in force, no final judgment having yet been rendered. On March 21, 1910, the city council adopted a resolution undertaking to set aside the approval of the specifications so far as they related to the turnout.

In brief the question involved is whether the work to be done by the company under the franchise can be regarded as having been completed in such sense as to make the payment of the $9000 due, in view of the fact that the city has prevented the construction of the turnout. The company maintains that upon the acceptance of its specifications it acquired a contract right to build the turnout, which can not be affected by any subsequent action of the city. The city contends that it can not by contract devest itself of the power to control the use of the streets for the benefit of the public, and that the turnout, if constructed at the point designated, would unreasonably interfere with the use of the street as a highway. These matters need not be determined in this case. They are proper subjects for consideration in the injunction suit. In whatever way they may be determined, we think the judgment here appealed from must be affirmed, upon the ground that the work of the company authorized by the franchise has long since been substantially completed. The location of the turnout is a mere detail. The right of the company to construct it at the place selected can be determined in the injunction action. A final judgment for the city in that proceeding will demonstrate that the stopping of work on the turnout was rightful and therefore could not be a just ground

for the company's refusing to make the promised payment. If, on the other hand, it develops that the injunction was wrongfully issued, the company's remedy for any consequent injury lies in seeking damages therefor, not in delaying payment of the amount agreed upon as the consideration for the granting of the franchise.

The judgment is affirmed.